# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARQUEL MAURICE WILLIAMS, )
)
    Movant, )
)
v. ) CV419-010
) CR611-011
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

After pleading guilty to one count of carrying firearms during and in relation to a drug trafficking offense, doc. 34[1] (plea agreement); doc. 32 (judgment for 144 months' imprisonment, to be served consecutively to any other term of imprisonment), Marquel Maurice Williams has tried to unwind his sentence through both direct appeal and post-sentencing motions, docs. 48 & 49 (Order and Mandate affirming sentence on appeal to the Eleventh Circuit); doc. 53 (Order denying motion to reduce sentence). He now moves (semi-intelligibly) under 28 U.S.C. § 2255 to vacate his sentence due to his counsel's alleged deficiencies — among other things, contending that his attorney failed to zealously represent him. *See*

---

[1] The Court is citing to the criminal docket in CR611-011 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

CV419-010, doc. 1 (contending attorneys are "professional liars" paid to "protect the Judge" and "make sure that when you are nailed to the cross, it is done in a workman-like fashion.").

After providing Williams with the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court recharacterized his motion as a 28 U.S.C. § 2255 motion to correct his sentence.[2] CV419-010, doc. 6. Movant (apparently) does not wish to proceed with a reconstrued § 2255 motion, having submitted a largely inscrutable response that he

> has plainly shown this Honorable Court, where the dog need to wag the tail in order for justice to be serve, not the tail wagging the dog, this is myself exact point of view.
>
> Mr. Marquel Maurice Williams, pray this Honorable Court respectfully grant this Application, through this writ of Habeas Corpus 2241 to correct the record, to reflect the vessle 2241 writ of Habeas Corpus, for an application, such relief entitled within.

CV419-010, doc. 7. As he was warned, however, his motion is clearly a challenge to the *validity* of his sentence and not its execution, and thus can only be construed as a § 2255 motion to vacate. CV419-010, doc. 6 at

---

[2] Whenever a prisoner's filing is deemed to be a § 2255 motion in disguise, "the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *See Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

1-2; *see id.*, doc. 1 at 2 (alleging "constructive Ineffective Assistance of Counsel as well as a substantial constitutional violation" in his sentence). He was also warned that, unless he withdrew or amended his motion, it would be reviewed as is. *Id.*, doc. 6 at 2-3. Having declined to amend his motion, it will be reviewed accordingly.[3] Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Williams did not seek *certiorari*, making his judgment of conviction final for § 2255 purposes 90 days after issuance of the Court of Appeals' opinion. *Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002). The Eleventh Circuit's opinion was issued on April 5, 2012, meaning Williams then had until July 4, 2012 to seek *certiorari* and until July 4, 2013 to seek § 2255 relief. Sup. Ct. R. 13(1); 28 U.S.C. § 2255(f).[4] He did not signature-file the

---

[3] As this is a 28 U.S.C. § 2255 motion, it requires no separate filing fee. Williams' request to proceed *in forma pauperis* should therefore be denied as **MOOT**. CV419-010, doc. 5.

[4] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

present § 2255 motion, however, until January 4, 2019 — more than five years too late. CV419-010, doc. 1 at 3. Movant offers no explanation for his failure to timely file his motion.

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Williams has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely filing the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary

---

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

circumstances and due diligence"). His IAC claims are time-barred.[5]

Accordingly, Marquel Maurice Williams' § 2255 motion should be

---

[5]  At least, as best the Court can determine, given the legally frivolous nature of movant's motion. Williams, for example, explains that something ill was afoot with the Court's acceptance of the statements of fact contained in his presentencing investigative report, because (unedited and in full):

> A landmark Supreme Court of 1795, Penhallow vs. Doane's Administrators, defined government is an artificial person: government are corporations. An abstraction, a creature of the concept only, a government can deal only with artificial language. The imaginary, having no reality or substance, cannot create or attain parity with the real. See Filling No. :2000112000, filed April 21st, 2000, State of Washington, Department of Licensing. The government acts against the artificial person which the government creates and owns statutory. Tax Exempt No. :70000600002449257483.
>
> The most difficult subjects can be explained to the most witted man if he has not formed any idea of them already, but the simplest thing cannot be made clear to the most intelligent man if he is firmly persuaded that he knows already, without a shadow of doubt, what is laid before him, herewithin. "Did a wrong occur here?" Yes but not how you might think. Did the District Court, as well as the attorney lie, during this suspicious transaction, believe it or not, they were fully aware of what was taking place.

CV419-010, doc. 1 at 2-3. Such gobbledygook approaches (if not exceeds) "the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). That suggests it should be dismissed on frivolity grounds. *See, e.g.,* 28 U.S.C. § 1915A(b)(1). To the extent that it is comprehensible, this fantastical mishmash of citations to "corporations" and "artificial persons" and commercial filings bears the hallmarks of sovereign citizen nonsense that is routinely and firmly rejected by the Courts as frivolous. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted). Given Williams' commensurately nonsensical response to the Court's *Castro*-Order, CV419-010, doc. 7, the Court could easily recommend dismissal of his § 2255 motion on frivolity grounds as well.

**DENIED** as untimely.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __20th__ day of March, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA